UNITED STATES *v.* THE GLOBE WORKS and others.

*(Circuit Court, D. Massachusetts. May 19, 1881.)*

1. EQUITY PLEADING—CORPORATE ASSETS—EQUITABLE LIENS.

A bill to charge the assets of a corporation, in the hands of shareholders, with an equitable lien in favor of creditors, must allege that such assets were divided among the shareholders before the corporate debts were paid.

2. SAME—RECEIVER—PERSONAL LIABILITY.

Where such bill also seeks to make the receiver of the corporation personally liable, due notice of the debts must be alleged.

3. SAME—STOCKHOLDERS—PERSONAL LIABILITY.

Where such bill also seeks to charge the individual stockholders of such corporation, the facts necessary to make them personally liable under their charter must be alleged.

4. SAME—UNITED STATES—PRIORITY OF CLAIM.

Where such bill seeks to establish the priority of a claim in favor of the United States, it must also show whether the corporation was insolvent at the time it was being wound up, and whether the receiver of the corporation had notice of the debt.—[ED.

In Equity. Demurrer.

*Henry Howland,* Asst. U. S. Att'y, for complainant.

*Wm. S. Hall,* for defendants.

LOWELL, C. J. This is a demurrer to a bill filed by the United States against the Globe Works and John Souther, George Souther, Daniel N. Pickering, and Aristides Talbot.

The bill alleges that the Globe Works, formerly called the Globe Locomotive Works, were incorporated by the legislature of Massachusetts, in 1854, with a capital stock of not more than $300,000; that June 30, 1868, they were indebted to the United States in $8,725.20, for taxes on certain steam-engines manufactured by them, and in the further sum of $436.26, penalty for non-payment; that in April, 1867, the defendants John Souther and George Souther, being a majority in number and interest of the stockholders of said company, filed a bill in the supreme judicial court of Massachusetts against Daniel N. Pickering, the only other stockholder, and against one Cate, a creditor, asking for a dissolution of the corporation, and for a receiver; that such an order was passed, and the defendant Talbot was appointed such receiver, April 22, 1867, with very full powers, which are set out in the bill; that Talbot entered upon his duties, but never filed an account, and never paid the plaintiffs said sums so due them; that in June, 1876, all the parties to that suit made the following agreement, which was filed in and made part of the records of said court:

"*John Souther* v. *The Globe Works and others.* It is agreed between all the parties in the above-named case, which has been settled between them, that the receiver shall settle no account therein, and that the bill shall be dismissed without costs, and that the receiver shall deliver up all property, assets, and effects in his hands or possession to said John Souther, the same to be held by him as his own property."

That, in pursuance of this agreement, all the capital, property, and assets of the corporation were delivered up, in fraud of the creditors of the company, by the defendant Talbot, to the defendant John Souther, who has ever since held the same, and the proceeds of the same, as his own property, and has never paid the plaintiffs. That by such surrender the company was made, and has ever since remained, insolvent and unable to pay said sums, and were deprived of all property from which a judgment at law for the same could be satisfied. That they owe the above-mentioned sums to the plaintiffs, with interest.

The prayer is that the defendants John Souther, George Souther, Daniel N. Pickering, and Aristides Talbot may

answer the premises, but not on oath; and may be ordered to apply to the payment of said sums and interest, such property and effects belonging to said corporation, and the proceeds of the same, as may be in their possession or control; and, if these are insufficient, may be ordered to pay said sums and interest out of their individual property and effects. The demurrer to this bill must be sustained.

1. There are no allegations or charges by which it is possible to ascertain whether the shareholders of the company, or either of them, are accountable for the assets, or any of them. It appears that in 1876 all the remaining assets were made over to one stockholder, but whether he paid money down for them, or took them for a debt to himself, or for debts of the company which he had paid, or under what other circumstances, I cannot tell. It is settled in this country that the capital is a sort of trust fund for creditors; and if it is taken back by its owners and divided among them before the debts are paid, a bill will lie to subject the assets so divided in the hands of the shareholders to an equitable lien for the debts; and if the creditor is one against whom the statute of limitations does not avail, no doubt the bill will lie even at a remote time. Whether such a division has been made of these assets, the bill does not inform me.

2. There is nothing in the bill to show why Aristides Talbot, the receiver, is made a party. If the assets were bought of him and paid for, he might be called to account for the purchase money in the state court; and, under some possible circumstances, might be sued in this court. Whether the facts would bring this case within that rule in either court the bill does not disclose. It is nowhere charged that Talbot was ever notified of the existence of this debt. If not, he is under no personal liability in respect to it.

3. No reason is given for subjecting the stockholders personally to the payment of this debt if the assets fail. In a manufacturing corporation, organized under the laws of Massachusetts, the shareholders are liable for debts if the capital has not been fully paid up, or if certain annual notices have not been given; but nothing of the sort is alleged here.

There are no averments which make the case one in which the United States are entitled to priority of payment. That depends upon whether the corporation was insolvent when it was being wound up, and the receiver was notified of the debt.

As the bill now stands, the order must be: demurrer sustained.